UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-48-TS |
| | ) | |
| GARY W. HELMAN | ) | |

**OPINION AND ORDER**

Gary W. Helman, a defendant in a state criminal prosecution, has filed a notice of removal and automatic stay of that criminal action. According to the federal removal statute, this Court has an obligation to "examine the notice promptly." 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* In addition, § 1447(c) allows a court to act on its own to remand a case that was not properly removable because it lacked subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [of a case removed from state court], the case shall be remanded.").

Upon review of the removal notice and attached exhibits, the Court finds that the notice is procedurally deficient and that this Court lacks subject matter jurisdiction over the action sought to be removed. For these reasons, the Court remands the criminal prosecution to the Whitley County Superior Court.

**BACKGROUND**

On June 3, 2008, Helman filed a "Notice of Removal to the Unites States District Court; and, Further Notice of Immediate Automatic Stay under Operation of Federal Law" [DE 1]. This

prompted the initiation of Cause Number 1:08-MC-2 in federal district court. On June 4, the United States Magistrate Judge entered an order directing the Clerk of this Court to caption the case as a criminal case and randomly assign it to a district judge in the Fort Wayne division. As a result, the case was captioned as 1:08-CR-48 and no filing fee was required.

The cause Helman purports to remove is a state criminal prosecution initiated by the State of Indiana against him in Whitley County Superior Court, Cause No. 92D01-0709-CM-0628. Helman was arrested and charged with invasion of privacy, pursuant to Indiana Code § 35-46-1-15.1(a)(1), a class A misdemeanor. According to Helman's submissions, the charges arose out of a protective order obtained by his ex-wife. Helman entered his plea of not guilty to the state charges on December 17, 2007. His trial was scheduled to begin on June 4, 2008.

## DISCUSSION

Title 28, § 1446, of the United States Code provides the procedures for removal of civil actions and criminal prosecutions from state courts to federal courts. Helman's notice of removal is procedurally deficient. Section 1446(c)(1) provides that a

> notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1446(c)(1). Helman was arraigned on December 17, 2007, and his notice of removal was filed over five months later on June 3, 2008. This is well beyond the time limit anticipated by the statute, and Helman has not attempted to establish good cause for his belated filing. In support of the timeliness of his removal, he cites to § 1446(b). But that statutory provision is

inapplicable because it specifically provides the time limit for the filing of a "notice of removal of a civil action or proceeding." 28 U.S.C. § 1446(b) (setting time to run from service of initial pleading or service of summons). The matter Helman seeks to remove is not a civil action, but a criminal prosecution brought against him by the State of Indiana. As such, § 1446(c)(1) applies and the notice of removal was untimely.

A second obstacle to the notice of removal is that it does not state a ground for federal jurisdiction. Federal courts are courts of limited jurisdiction and may only adjudicate cases within their authority. *See Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 608 (7th Cir. 1980) (noting that it is "fundamental that the federal courts are courts of limited jurisdiction, and that lack of jurisdiction cannot be waived by the parties"). "Removal jurisdiction is . . . completely statutory, and [the Court] cannot construe jurisdictional statutes any broader than their language will bear." *Application of County Collector of County of Winnebago, Ill.*, 96 F.3d 890, 895 (7th Cir. 1996) (citing *Cook v. Weber*, 698 F.2d 907, 909 (7th Cir. 1983)). The burden is on Helman to establish that jurisdiction is proper. *Id.* He cites several statutes that he believes support the removal of his state court action.

Helman states that this Court has jurisdiction pursuant to 28 U.S.C. § 1443(1), which provides for removal of any state proceeding in which the defendant "is denied or cannot enforce in the [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all person within the jurisdiction thereof." 28 U.S.C. § 1443(1).

> The Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law. *Georgia v. Rachel*, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed.2d 925 (1966); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621, 99 S. Ct. 1905, 1917–18, 60 L. Ed.2d 508 (1979).

3

*State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997); *see also Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (holding that "broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do no support removal claims under § 1443(1)"). Helman makes no allegations about race. Neither does he allege that he cannot enforce his rights due to a formal expression of state law, which requires that a statute or authoritative decision announces that the claims of the sort asserted are untenable under the state's judicial system. *See Johnson*, 421 U.S. at 219–22. In fact, Helman admits that there is no racial component to his case. But in an effort to foreclose remand, he includes in his filings with this Court a "Notice of Pre-Emptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via *Georgia v. Rachel*." He argues that the Supreme Court wrongly limited the application of § 1443(1) in *Georgia v. Rachel* and other cases*.*

This Court declines Helman's request to ignore established Supreme Court precedent. Not only does the Court agree with the reasoning of *Georgia v. Rachel,* and cases like it, but the viability of Supreme Court precedent is not for this Court to decide. *See De Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) (explaining that circuit courts must follow controlling Supreme Court precedent and leave the Supreme Court to decide whether to overturn its decisions).

Helman also relies on 28 U.S.C. §§ 1446(b), 1331, and 1367 in support of removal jurisdiction. But § 1446 is simply the procedural mechanism for removal; it does not itself confer jurisdiction. Federal question jurisdiction under § 1331 exists only if an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The State of Indiana does not invoke the constitution or any federal law in its prosecution of Helman, which is

4

governed, instead, by the state's criminal code. Supplemental jurisdiction under § 1367 requires that the Court first have original jurisdiction over a claim that is within the same case or controversy. 28 U.S.C. § 1367(a); *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (explaining that "judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts"). There is no such federal claim here.[1]

## CONCLUSION

For the reasons stated above, no jurisdictional basis or adequate procedural basis exists for removing the State of Indiana's criminal prosecution against Helman in cause number 92D01-0709-CM-0628 and it is REMANDED to the Whitley County Superior Court.

SO ORDERED on June 5, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Helman includes in his submissions regarding removal a Civil Cover Sheet where he purports to sue Whitley County, the State of Indiana, Whitley Superior Court, and Whitley Prosecutor Matthew Rentschler. (DE 1 at 12.) Helman does not explain the inclusion of this document, which is generally associated with the initiation of a civil action. As he purports to be seeking removal of a criminal prosecution, not the initiation of a lawsuit, the document is extraneous. Helman has not commenced a civil action, which requires the filing of a complaint with the court. *See* Fed. R. Civ. P. 3.