UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| STATE OF INDIANA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-48-TS |
| | ) | |
| GARY W. HELMAN | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Reconsider (DE 4), filed on June 19, 2008. For reasons explained in this opinion, the motion is denied.

**BACKGROUND**

On June 3, 2008, the Defendant filed a "Notice of Removal to the United States District Court; and, Further Notice of Immediate Automatic Stay under Operation of Federal Law" (DE 1). The Defendant purported to remove a state criminal prosecution initiated by the State of Indiana against him in Whitley County Superior Court, Cause No. 92D01-0709-CM-0628. The Defendant was arrested and charged with invasion of privacy, pursuant to Indiana Code § 35-46-1-15.1(a)(1), a class A misdemeanor. According to his submissions, the charges arose out of a protective order obtained by his ex-wife. He entered a plea of not guilty to the state charges on December 17, 2007.

The Defendant based his notice of removal on 28 U.S.C. § 1443(1), 28 U.S.C. § 1446(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. The Court found that no jurisdictional basis or adequate procedural basis existed for removing the State of Indiana's criminal prosecution against the Defendant and remanded the case to the Whitley County Superior Court in an order entered on June 5, 2008. (DE 3.) The Court explained that it lacked jurisdiction under 28 U.S.C. § 1446

because the Defendant had failed to file his notice of removal within thirty days of his arraignment as required by 28 U.S.C. § 1446(c)(1). While the Defendant cited 28 U.S.C. § 1446(b) in support of jurisdiction, that provision only applies to civil actions.

The Court also explained that the notice of removal failed to state a ground for federal jurisdiction. The Defendant cited 28 U.S.C. § 1443(1), but that statute only applies to race-based deprivations of civil rights. *See State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). The Defendant cited 28 U.S.C. § 1446, but that statue is merely the procedural mechanism for removal, and it does not itself confer jurisdiction. The Defendant cited 28 U.S.C. § 1331, but that statute did not apply because the State of Indiana did not invoke the constitution or any federal law in its prosecution of the Defendant. Because the Court did not first have original jurisdiction over any claim, it could not exercise supplemental jurisdiction under 28 U.S.C. § 1367.

## ANALYSIS

The Defendant does not present the Court with any newly discovered evidence or governing legal authority in his motion to reconsider. Instead, he advances his request "by now reminding, re-stating and re-providing . . . clear facts and authority" to the Court. (Mot. to Reconsider 1, DE 4.) While the Federal Rules of Criminal Procedure do not provide for motions to reconsider, federal courts generally recognize a common law authority to entertain them.

> Such motions are essentially treated the same as motions to alter or amend judgment in the civil context under Fed. R. Civ. P. 59(e). *United States v. Schweibinz*, No. 93-40001-06-SAC, 1994 WL 129998, at *1 n. 1 (D. Kan. March 15, 1994). The motions allow a party to allege fundamental legal errors that require the court to reconsider an earlier decision. *Federated Mut. Ins. Co. v. Botkin Grain Co.*, 856 F. Supp. 607, 609 (D. Kan.1994). They should be granted only "to correct manifest

2

> errors of law or to present newly discovered evidence." *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir.1997). The opportunity to present a motion to reconsider should not be viewed as a second opportunity "for the losing party to make its strongest case or to dress up arguments that previously failed." *Schweibinz,* 1994 WL 129998, at *1 n.

*United States v. Anderson*, 85 F. Supp. 2d 1084, 1109–10 (D. Kan. 1999) (quoting *United States v. Anderson*, No. 98-20030-01/07-JWL, 1999 WL 79656, at *1 (D. Kan. Jan. 22, 1999)).

Because the Defendant's motion to reconsider merely rehashes the arguments presented in his removal notice, and it presents no new evidence or governing authority, the Court finds that there is no basis for amending its previous order.

**ORDER**

For the foregoing reasons, the Defendant's motion to reconsider (DE 4) is **DENIED**.

SO ORDERED on June 23, 2008.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3